IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-079 |
| | ) | |
| PRESIDENT BILL CLINTON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case on May 11, 2021. (Doc. no. 1.) Because he is proceeding *pro se* and made errors in service of process, (doc. nos. 8-14), on September 9, 2021, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 15.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the September 9th Order so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.)

Because his ninety-day window had expired, the Court granted Plaintiff an additional thirty-days to serve Defendants. When the 120-day period for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been properly served, the

Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 21.) In response, Plaintiff moved to amend his complaint to add the United States Attorney General, and uploaded receipt for the service of summons on the named Defendants . (Doc. nos. 22-24.) Although Plaintiff states the receipts display proper proof of service, as explained below, the documents do not show that valid service has been accomplished.

As the Court explained in its September 9, 2021 Order, (doc. no. 15), Plaintiff must serve Defendants as set out under Fed. R. Civ. P. 4. To serve an officer or employee of the United States in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, Rule 4(i)(3) states a summons must be served with a copy of the complaint to the Unites States and also the officer or employee. Under Rule 4(i)(1), to serve the United States a Party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought and the Attorney General of the United States. The returned receipts of service do not establish compliance with Rule 4(i), as there is no indication Plaintiff served, a copy of the summons or complaint on the United States attorney for this judicial district.

To the extent there was any question of how to properly accomplish such service, the Court cautioned Plaintiff it was his responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide him with a copy of Rule 4. (Doc. no. 15, p. 1, n.1; doc. no. 15-1.) The responsibility for properly effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Despite having been provided with the information and tools needed to effect

service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication any Defendant may be attempting to evade service. Indeed, it is not clear any Defendant is even aware of the proper case as no summons were delivered.

To the extent the statute of limitations may bar a refiled action, based on the information in the complaint, the events about which Plaintiff complains have continued to occur since 1996. (Doc. no. 1, p. 8.) There is no reason to believe Plaintiff does not understand the necessity of deadline compliance. In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case. (See doc. nos. 15, 21.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendants. See Marcus v. Postmaster Gen.,

461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 20th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA